**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JENNIFER MIZRAHI, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>NORTHLAND GROUP, INC.<br><br>Defendants. | **CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff JENNIFER MIZRAHI (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Joseph H. Mizrahi Law, P.C., against Defendants NORTHLAND GROUP, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt

collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with a principal place of business located in Edina, Minnesota.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All New York consumers who received a collection letter from Defendant attempting to collect an obligation owed to or allegedly owed to Citibank, N.A., that contains the alleged violation arising from Defendant's violation of 15 U.S.C. §1692e, *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If

- Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS OF FACT PARTICULAR TO JENNIFER MIZRAHI

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect on an unpaid account allegedly owed to Citibank, N.A.

17. On or around July 29, 2016 Defendant sent Plaintiff a collection letter. *See* Exhibit A.

18. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

19. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

20. The July 29, 2016 letter was an initial communication between Plaintiff and Defendant.

21. Defendant's July 29, 2016 Collection Letter stated:

> "As of the date of this letter, the balance due on the account is $2,347.31. Because of adjustments that may vary from day to day, the amount due on this account may be different after the date of this letter."

22. Defendant was attempting to collect on Plaintiff's purportedly overdue credit card account with Citibank, N.A. ("Citibank").

23. Upon information and belief, Plaintiff's account with Citibank is not subject to change, and will never increase due to any terms of the original agreement.

24. Rather, upon information and belief, Defendant arbitrarily threatened that Plaintiff's account may be subject to such fees, in an attempt at pressuring Plaintiff into paying the account quickly, so as to avoid these non-existent fees.

25. Plaintiff's alleged debt was charged off on or around April 21, 2016.

26. Upon information and belief, Defendant has no legal or contractual right to change the amount that Plaintiff allegedly owes to the Creditor.

27. Moreover, Plaintiff's rights under 1692g were violated because Defendant demanded payment without sufficiently communicating to Plaintiff the exact amount due and owing on the alleged account.

28. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Wilson*, 225 F.3d at 354, citing *Miller v. Payco–General Am. Credits, Inc*., 943 F.2d 482, 484 (4th Cir.1991).

29. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA.

30. Defendant's violations of the FDCPA created the risk of real harm that Plaintiff would make payment without exercising his 1692g rights due to a sense of urgency as to avoid potentially (although unlawful) increasing charges on the account.

31. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

32. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

33. On information and belief, Defendants sent a written communication, in the form annexed hereto as Exhibit A to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

### First Count
### 15 U.S.C. §1692e *et seq.*
### False or Misleading Representations as to Status of Debt

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

36. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

37. Defendant violated §1692e by falsely suggesting that immediate payment of the balance would benefit Plaintiff financially by stating that the account balance stated above would be subject to change, and could be subject to interest, late charges or other charges.  As the account balance Defendant seeks to collect *never* varies from the date of issuance of its Collection, and Defendant *never* makes an adjustment due to the terms of the original credit agreement after it receives payment in the amount of the initial letter, the statement in its letter is false, deceptive and misleading.

38. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### Second Count
### 15 U.S.C. §1692g *et seq.*
### Validation of Debts

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "38" herein with the same force and effect as if the same were set forth at length herein.

40. Pursuant to 15 USC §1692g, a debt collector:

    (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
    
    (1) The amount of the debt;
    (2) The name of the creditor to whom the debt is owed;
    (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
    (4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    (5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

41. The July 29, 2016 letter was an initial communication between Plaintiff and Defendant.

42. Defendant violated 15 USC §1692g by failing to accurately state, in its initial communication to Plaintiff, the balance of the debt by stating that the outstanding balance "may be different due to adjustments" without adequately advising the Plaintiff of possible adjustments that may occur, including an increase due to accrued statutory interests.

43. As a result of Defendant's action, Plaintiff and the least sophisticated consumer could reasonably conclude that she must pay the balance stated in the letter immediately or possibly owe a larger amount, thus leaving her uncertain as to her rights.

44. Furthermore, as a result of Defendant's action, Plaintiff and the least sophisticated consumer would not know the exact amount due and owing, as required by 15 USC §1692g(a)(1), where the Collection Letter falsely stated that the amount due may be greater than the amount actually stated on the Collection Letter.

45. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

46. The letters Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

47. The said letter is a standardized form letter.

48. Defendant's July 29, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) 1692e(10), 1692f and 1692f(1) for the use of false and deceptive means; for falsely representing the character, amount, or legal status of a debt; for the false representation of compensation which may be lawfully received by a debt collector for the collection of a debt; for threatening to take any action that cannot legally be taken or that is not intended

to be taken; for the use of unfair and unconscionable means to collect on a debt; and for attempting to collect an amount unless such an amount is expressly authorized by the agreement creating the debt or permitted by law.

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Joseph H. Mizrahi Law, P.C., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Joseph H. Mizrahi
Joseph H. Mizrahi, Esq.
Joseph H. Mizrahi Law, P.C.
337 Avenue W, Suite 2F
Brooklyn, New York 11223
Phone: (917) 299-6612
Fax:    (347) 665-1545
Email: Jmizrahilaw@gmail.com
*Attorney for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph H. Mizrahi*
Joseph H. Mizrahi, Esq.

Dated:   Brooklyn, New York
         May 8, 2017